THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE WESTCHESTER FIRE INSURANCE COMPANY v. GIDEON W. DAVENPORT and Others, Trustees of the Village of New Rochelle.

*Taxation — what deduction should be made in the assessment of the personal property of a fire insurance company for unearned premiums — Chap. 542 of 1880 — did not relieve the corporation from county or municipal taxes.*

A fire insurance company is not entitled to have the assessors deduct from the valuation of its personal property the whole amount of its unearned premiums. Where the assessors deducted one-half of the amount of the unearned premiums, and there was nothing to show that the relator was entitled to a greater deduction, it was held that it had no ground of complaint.

Chapter 542 of 1880, providing for the taxation of certain corporations for State purposes, did not relieve them from any taxes for county and municipal purposes to which they were then subject.

Certiorari to review the assessment of the relator for personal property, upon which a tax for municipal purposes was to be levied.

*Martin J. Keogh*, for the relator.

*Close & Robertson*, for the respondents.

Gilbert, J. :

The charter of New Rochelle requires that taxes, directed to be levied by the board of trustees, shall be apportioned among taxable

inhabitants and corporations, in conformity as near as practicable with the provisions of law in respect to the assessment of taxes by town assessors. (Laws 1864, chap. 249, tit. 4, § 2.) The relator is a moneyed corporation. The duties of town assessors in assessing the property of such corporations is plainly prescribed by statute. (1 R. S., 414, §§ 1, 2; id., 389, § 6.) We have no means of determining whether the assessment in this case was made conformably to those provisions or not, as the roll is not returned, and the return does not show what property of the relator is embraced therein. (*People ex rel. U. and B. R. R. R. Co.* v. *Shields*, 6 Hun, 556, and cases cited; *People ex rel. Manhattan F. Ins. Co.* v. *Com'rs.*, 76 N. Y., 64, 74.)

Assuming, however, that the affidavit of Mr. Underhill represented all the personal property of the relator liable to taxation, yet we are of opinion that no error was committed by the assessor. He deducted one-half of the amount of the unearned premiums. There is nothing in the return which has a tendency to show that the relator was entitled to a greater deduction. The Court of Appeals, in the case above cited (76 N. Y., 73), intimate quite strongly that no deduction should be made for unearned premiums. In the case of *The People ex rel. Glens Falls Insurance Company* v. *Ferguson* (38 N. Y., 89) it was held merely that a proper deduction should be made therefor. The return does not show that the deduction made in this case was improper, unless any deduction may be deemed illegal. The claim of the relator that all of the unearned premiums should have been deducted cannot, upon any view of the case, be sustained.

With respect to the claim of the relator that it was wholly exempt from the tax by virtue of the eighth section of chapter 542 of the Laws of 1880, it was held by this court, in the case of *The People ex rel., National Freight and Lighterage Company* v. *The Board of Assessors of Richmond County*, which arose soon after the passage of the act, that such exemption was intended by the legislature to be limited to taxation for State purposes only. The court said : " Taking the eighth section of the act by itself, its legal effect would be to exempt the relator from assessment or taxation except as in that act prescribed. But I am of opinion that such was not the intention of the legislature. The ninth section of the

act declares that the taxes thereby imposed shall be applicable to the payment of the ordinary and current expenses of the State. That provision is in conformity with the requirement of the Constitution that every act which imposes, continues or revives a tax shall distinctly state the tax and the object to which it is to be applied; and it shows that the legislature had reference only to the finances of the State. (Const., art. 3, § 20, formerly art. 7, § 13; *People* v. *Supervisors of Chenango*, 4 Seld., 317; *Darlington* v. *Mayor*, 31 N. Y., 186; *People ex rel. Hopkins* v. *Supervisors of Kings*, 52 id., 566.) Furthermore, the title of the act is "An act to provide for raising taxes for the use of the State." Other statutes have made provision for taxing the capital stock and personal property of corporations for local purposes. The act of 1880 contains no words repealing or modifying those statutes. All statutes on the subject of taxing corporations, including the act of 1880, are in *pari materia* and must be read together. So read there is no inconsistency between them. But the broad and unqualified language of section 3 of the act of 1880, the omission of any reference to other statutes upon the same subject, and the indefinite language in which the exemption is expressed, create a doubt as to the intention of the legislature. Whenever in construing a statute such a doubt arises, resort may be had to the title thereof for the purpose of solving the doubt. (Sedg. Stat. and Const. Law, 38, *et seq.; People* v. *Molyneux*, 40 N. Y., 113; *Bishop* v. *Barton*, 2 Hun, 436; S. C., 64 N. Y., 637.) The cases in fortieth and sixty-fourth New York Reports are clear authorities for the use of the title of an act, for the purpose of restraining the operation of the general words thereof so as to exclude matters which otherwise would be embraced in the act, and to restrict it to the matters indicated in the title. In my judgment the legislature intended to substitute the method of taxing the capital stock and personal property of corporations for State purposes, prescribed by the act of 1880, for the system formerly in use, and to exempt that kind of property from taxation, for State purposes only, in any other mode. The provision that the lands and real estate of corporations shall continue to be assessed where situated is not incompatible with this construction, for it does not appear, nor is it reasonable to suppose that the revenue which

will accrue from taxes received pursuant to the act of 1880 will amount to a fair or just contribution by corporations to the funds required for State uses. That provision, therefore, is one to make good any deficit in the revenues of the State by continuing the tax on the real estate of corporations for State purposes as heretofore. The necessity of the taxation of the capital and other property of corporations for local purposes also will remain, and I cannot believe that the legislature intended to relieve corporations from that burden, and to cast it wholly upon individual citizens."

The construction given to the act of 1880 by that decision has been adopted in several instances by other justices of this court. The legislature in 1881 (Laws, chap. 361, § 8) amended the eighth section of the act of 1880, whereby the exemption therein contained was expressly limited to taxation for State purposes. These facts furnish cogent evidence that the construction mentioned was correct. Certainly the legislature could not have intended by the act of 1880 to exempt the relator from taxation for village purposes whatever its intention may have been.

The *certiorari* should be quashed, with costs and disbursements.

BARNARD, P. J., concurred.

DYKMAN, J. (dissenting):

The relator is an incorporated fire insurance company in the village of New Rochelle, and its trustees, in the pursuit of their duties, have made an assessment against the company of $76,000 for personal property for the purposes of taxation for the year 1881. The relator now reviews this assessment by *certiorari* and seek to have it wiped out and set aside.

The mode of taxation of corporations like the relator underwent many modifications in this State previous to the year 1880, which need not be followed out or examined now. On the 1st day of June, 1880, the legislature passed a law providing that such corporations should pay a tax into the treasury of the State annually to be computed as therein provided, and then by the eighth section of the law declared that the lands and real estate of the various corporations named should continue to be assessed and taxed where situated, but that the capital stock and personal property of said

corporations should thereafter be exempt from assessment or taxation except as in that act prescribed. (Laws of 1880, chap. 542.)

This law provides a new system for the taxation of the personal property and capital stock of such corporations, and exempts the same from all other assessment. It is true the object of the act, as declared by the title, is to raise taxes for the use of the State, but the broad and comprehensive language of the exemption prohibits the imposition of any other burden of taxation on the personal property or capital stock of these incorporated companies. Municipal corporations as well as towns and counties are within the prohibitions, and the laying of this tax or assessment was beyond the functions of these trustees.

A question respecting unearned premiums and deductions therefor is in the case, but will not be determined in view of the conclusion reached on the other branch of the case.

The assessment should be vacated, without costs.

Assessment affirmed and writ of *certiorari* quashed, with costs.